IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDYTHE MARCELLAN,

      Plaintiff,

v.   No. 2:20-cv-00175-JCH-GBW

ALBUQUERQUE VETERANS HOSPITAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Plaintiff's failure to file an amended complaint.

Plaintiff asserted a negligence claim against Defendant Albuquerque Veterans Hospital alleging that her husband died after being treated and "attacked" at the V.A. Hospital in Albuquerque. *See* Complaint for a Civil Case Alleging Negligence at 4, Doc. 1, filed February 28, 2020.

The Court notified Plaintiff that the Court lacks subject-matter jurisdiction over this action because the United States is the only proper defendant in a federal tort claims action and Plaintiff has not named the United States as a defendant. *See* Doc. 4, filed March 24, 2020.  The Court also notified Plaintiff that the Court lacks subject-matter jurisdiction because Plaintiff has not alleged that she has exhausted administrative remedies and timely filed this action.  The Court granted Plaintiff leave to file an amended complaint naming the proper party and alleging that she exhausted administrative remedies, and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case.  Plaintiff did not file an amended complaint by the April 14, 2020, deadline.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court does not have jurisdiction over this matter because Plaintiff has not filed an amended complaint naming the proper party and alleging that she exhausted administrative remedies. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**